IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jose Enrique Santiago, ) | |
| ) | C.A. No. 2:18-2784-HMH-MGB |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Hector Joyner, Warden, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jose Enrique Santiago ("Santiago"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation filed on August 13, 2019, Magistrate Judge Baker recommends granting Hector Joyner's motion to dismiss, dismissing Santiago's petition without prejudice for lack of jurisdiction, and declining to issue a certificate of appealability.

Santiago filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Santiago's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Santiago objects to the magistrate judge's conclusion that Santiago cannot satisfy the second prong of the 28 U.S.C. § 2255(e) savings clause test, set forth in United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). (Objs. 2, ECF No. 32.)

A federal prisoner may challenge the legality of his sentence under § 2241 if the prisoner can demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255); Wheeler, 886 F.3d at 428. To demonstrate that § 2255 is inadequate or ineffective to test the legality of the sentence, the petitioner must establish that

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. If the petitioner cannot satisfy each prong of the savings clause test, the court lacks subject matter jurisdiction to consider the petition. Id. at 423.

On December 3, 2002, in the Southern District of New York, Santiago was convicted of racketeering and conspiracies to distribute narcotics and to commit extortion. United States v. Santiago, No. 02-1725L, 2005 WL 607977, at *1, 3 (2d Cir. Mar. 16, 2005) (unpublished). Santiago was sentenced to seventy years' imprisonment. See id. Santiago appealed, and the Second Circuit affirmed his conviction and sentence. Id. at 3. However, because Santiago was sentenced before United States v. Booker, 543 U.S. 220, 268 (2005), which rendered the United States Sentencing Guidelines ("U.S.S.G.") advisory, and United States v. Crosby, 397 F.3d 103, 114-18 (2d Cir. 2005), which establishes the Second Circuit's criteria and procedures for sentencing in light of Booker, the Second Circuit remanded for the district court to determine if resentencing was necessary. Santiago, 2005 WL 607977, at *2-3.

Following remand, Santiago's counsel failed to address Booker. Santiago v. United States, 12 Civ. 4522, 00 Cr. 237, 2012 WL 12857962, at *1 (S.D.N.Y. Sept. 10, 2012) (unpublished). Santiago sent the district court a letter dated April 7, 2011. Id. In response to this letter, on June 7, 2011, the district court issued an order denying resentencing for Santiago. Id. On June 1, 2012, in response to another letter from Santiago, the court reaffirmed the June 2011 order. Id.

Subsequently, Santiago filed two motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On September 10, 2012, the district court denied Santiago's first § 2255 motion. See id. at *1, 3. The Second Circuit affirmed on April 17, 2014. Santiago v. United States, 563 Fed. App'x 30, 31 (2d Cir. Apr. 17, 2014) (unpublished). Moreover, on May 13, 2016, the district court denied Santiago's second § 2255 motion. Santiago v. United States, 187 F. Supp. 3d 387, 390 (S.D.N.Y. 2016). Santiago did not appeal this denial.

3

Additionally, Santiago has filed two § 2241 petitions. On June 13, 2017, the district court dismissed the first petition for lack of jurisdiction, finding "no basis for a determination that § 2255 is inadequate or ineffective to test the legality of [Santiago's] career offender sentencing enhancement. . . ." Santiago v. Bureau of Prisons, No. 4:17-CV-892, 2017 WL 2554538, at *3 (M.D. Pa. Jun. 13, 2017) (unpublished). In the instant case, the second § 2241 petition, Santiago argues that he should be resentenced (1) under Booker and Crosby and (2) due to the sentencing court's failure to comply with U.S.S.G. § 5G1.2(d) because his convictions violated the Double Jeopardy Clause. (§ 2241 Pet., generally, ECF No. 1.)

Santiago objects to the magistrate judge's conclusion that Santiago cannot satisfy the second requirement of the savings clause test because he is resurrecting a claim, for resentencing under Booker and Crosby, that has been previously decided five times. (Objs. 2, ECF No. 32.) More specifically, Santiago submits that the district court addressed resentencing only for Santiago's co-defendant. (Id., ECF No. 32.) This objection is without merit.

Courts have addressed numerous times whether Santiago should be resentenced. See, e.g., Santiago, 563 Fed. App'x at 31 (noting that the district court found no grounds supporting resentencing in light of Booker and Crosby); Santiago, 2012 WL 12857962, at *1 (noting that the district court issued two orders declining to resentence Santiago and finding again that there were no grounds for resentencing). Further, Santiago has not introduced any change in substantive law, subsequent to his first § 2255 motion, that undermines his sentence. Thus, Santiago has not met the second requirement of the savings clause test, and this court lacks jurisdiction.

Based on the foregoing, the court finds that Santiago cannot challenge his sentence under § 2241 because § 2255 is not inadequate or ineffective to test the legality of his sentence. Accordingly, the court adopts Magistrate Judge Baker's Report and Recommendation and incorporates it herein.

Therefore, it is

**ORDERED** that Santiago's petition, docket number 1, is dismissed without prejudice for lack of jurisdiction. It is further

**ORDERED** that Hector Joyner's motion to dismiss, docket number 20, is granted. It is further

**ORDERED** that a certificate of appealability is denied because Santiago has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 24, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[2] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.